*Gonzalez-Perez v. Bondi*

BIA
Thompson, IJ
A087 769 784

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

NELSON GONZALEZ-PEREZ,
> *Petitioner,*

v.

24-265(L),
24-1566(Con)

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**  Raymond G. Lahoud, Lahoud Law Group, P.A., Allentown, PA.

**FOR RESPONDENT:**  Papu Sandhu, Senior Litigation Counsel; Laura Halliday Hickein, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Nelson Gonzalez-Perez, a native and citizen of the Dominican Republic, seeks review of two decisions of the Board of Immigration Appeals ("BIA"): (1) a January 8, 2024, decision affirming a March 27, 2023, decision of an Immigration Judge ("IJ") denying Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *see In re Nelson Gonzalez-Perez*, No. A 087 769 784 (B.I.A. Jan. 8, 2024), *aff'g* No. A 087 769 784 (Immigr. Ct. N.Y.C. March 27, 2023); and (2) a May 9, 2024, decision denying Petitioner's motion to reopen his removal proceedings, *see In re Nelson Gonzalez-Perez*, No. A 087 769 784 (B.I.A. May 9, 2024).  We assume the parties' familiarity with the underlying facts and procedural history.

2

## I. Lead Petition: Asylum, Withholding of Removal, and CAT Protection

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the agency's factual findings" for substantial evidence and "questions of law and the application of law to fact" *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (citation omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B).

### A. Asylum and Withholding of Removal

Petitioner sought, and was denied, three forms of relief in his petition: asylum, withholding of removal, and protection under the CAT. On appeal to this Court, Petitioner fails to meaningfully challenge the BIA's reasons for denying his applications for asylum and withholding of removal in his opening brief – indeed, the issues on appeal identified by Petitioner are limited to ineffective assistance of counsel and the CAT claim. *See* Petitioner's Br., ECF No. 47.1, at 10.

3

"We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (per curiam) (quotation marks and citation omitted); *see also* Fed. R. App. P. 28(a)(8)(A) ("[T]he argument" in an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). In his opening brief, Petitioner focuses on two issues: (1) ineffective assistance of counsel, and (2) the denial of his claim for CAT relief. While he makes passing references to the denial of his asylum and withholding of removal claims, *see* Petitioner's Br., ECF No. 47.1, at 19, Petitioner does not actually challenge the IJ's decision to deny those claims based on his failure to "provide corroborative evidence specific to the events about which he testified." Certified Administrative Record ("CAR") at 363. In response to the government's waiver argument, Petitioner argues that he did not abandon these claims because he was critical of the agency's decision in his opening brief, and "[a]n argument that is critical of the underlying decision is an argument." Petitioner's Reply Br., ECF No. 64.2, at 2. But a passing critique of the underlying decision does not constitute an "argument" under Federal Rule

of Appellate Procedure 28(a)(8)(A).  *See Debique*, 58 F.4th at 684.  We therefore conclude that Petitioner has abandoned any challenge to the agency's decision on his claims for asylum and withholding of removal.

## B.    Convention Against Torture

"Analysis of a CAT claim boils down to a two-step inquiry."  *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022).   First, an applicant for CAT relief must prove "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. §1208.16(c)(2).  Second, the applicant must further "show that his or her likely future harm will be 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.'"  *Garcia-Aranda,* 53 F.4th at 759 (quoting 8 C.F.R. §1208.18(a)(1)).

Petitioner contends that the BIA erred by failing to determine whether Dominican officials would acquiesce in his torture.  But the agency did not deny relief on this basis.  Rather, the agency denied relief because Petitioner failed to establish that he was more likely than not to be tortured if he returned to the Dominican Republic.  *See* CAR at 321.  Having made that determination, the agency was not required to determine whether the Dominican authorities would

acquiesce in torture.  *See Garcia-Aranda*, 53 F.4th at 758 (describing two-step

inquiry for CAT claims).

The agency's conclusion was based on Petitioner's failure to demonstrate

that he met the lower standards required for asylum ("that he suffered past

persecution" or had a well-founded fear of future persecution) and withholding

of removal (that he "faces a clear probability of future persecution").  *See* CAR

at 321.  Having failed to meet *those* standards, and having "set forth no evidence

to show he is likely to be tortured for reasons unrelated [to] these claims," *id.*

at 321-22, Petitioner necessarily failed to meet the higher "more likely than not"

standard for CAT relief, *see Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

This is particularly so because all three of Petitioner's claims were based on the

same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Petitioner does not argue that the agency's decision to deny CAT relief on this

basis was in error; accordingly, he has abandoned any challenge to that decision.

To the extent Petitioner contends that the IJ applied the incorrect legal

standard to his CAT claim, *see* Petitioner's Br., ECF No. 47.1, at 17, we disagree.

When addressing Petitioner's CAT claim, the IJ applied the correct "more likely

than not" standard that an applicant for CAT relief must meet.  *See* CAR at 40.

6

On review, the BIA reiterated that standard and affirmed the IJ's denial of the CAT claim based on Petitioner's inability "to show he is likely to be tortured." CAR at 321. We find no error in the application of the standard.

## II.  Consolidated Petition: Motion to Reopen[1]

We find no abuse of discretion in the BIA's denial of Petitioner's motion to reopen his removal proceedings. *See Azmond Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (reviewing denial of motion for abuse of discretion). Petitioner moved to reopen based on a claim of ineffective assistance of counsel. To establish an ineffective assistance claim, a movant must demonstrate "that competent counsel would have acted otherwise," and that the movant "was prejudiced by his counsel's performance." *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008) (quotation marks and citations omitted).

"[R]eview on the merits" of an ineffective assistance claim is "conditioned on substantial compliance with the reasonable requirements set forth in" *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *Zheng v. U.S. Department of Justice*, 409 F.3d 43, 46 (2d Cir. 2005). To bring a motion to reopen based on ineffective

---

[1] We grant Petitioner's pending motion to proceed *in forma pauperis* filed in connection with the consolidated petition.

assistance of counsel under *Lozada*, a movant must (1) provide an affidavit "attesting to the relevant facts"; (2) provide notice to the former counsel ensuring that counsel has been "informed of the allegations and allowed the opportunity to respond"; and (3) indicate whether "a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." *Id*. at 45 n.1 (quoting *Lozada*, 19 I. & N. Dec. at 639).

Petitioner has not substantially complied with *Lozada's* procedural requirements because he has not submitted proof that he notified his former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond. *See Lozada*, 19 I. & N. Dec. at 639. Petitioner contends that he satisfied this requirement by (1) filing a complaint against her with the New York Attorney Grievance Committee, *see* Petitioner's Supp. Br., ECF No. 52.1, at 17-18, and (2) by "visit[ing] [her] office with a payment," at which visit counsel "refused to continue representing him because the judge did not grant his case, throwing his paperwork back at him," *id.* at 15-16. Again, we disagree.

The record does not demonstrate that Petitioner's former counsel was notified of the Grievance Committee complaint against her. Petitioner's affidavit submitted in support of his motion to reopen does not address whether he

8

notified his attorney of his allegations of ineffectiveness, nor whether he gave her an opportunity to respond. His grievance against his former counsel is postmarked just one day before Petitioner filed his motion to reopen, which would not have given his former counsel the opportunity to learn about the complaint, much less respond to it. *See* CAR at 356. And Petitioner does not represent that he otherwise sent the complaint directly to his former counsel, or notified her of the allegations in some alternative manner. Petitioner's contention that he notified his counsel during his visit to her office is equally unavailing; neither Petitioner's nor his wife's affidavit supports this assertion. Finally, while Petitioner stated in his motion that he would supplement the record with his former counsel's response, *see* CAR at 28, he has not done so.

We do not require "slavish adherence to [*Lozada*'s] requirements" when "the facts on which [a petitioner] relies to make his claim of ineffective assistance are clear on the face of the record." *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142-43 (2d Cir. 2007) (record plainly showed IJ's reliance on counsel's competence and counsel's subsequent "disbar[ment] for malpractice as an immigration attorney"). But Petitioner's allegations do not meet that standard. And while Petitioner contends that counsel missed one hearing, which was adjourned, and

9

that counsel "fail[ed] to allege, argue, or articulate any ground for [his] asylum application," Petitioner's Supp. Br., ECF No. 52.1, at 19, the record reflects that counsel raised a claim that Petitioner was persecuted on the basis of his political opinion, which was in turn considered by the IJ. On this record, we cannot say that counsel's alleged conduct warrants excusing Petitioner's non-compliance with *Lozada*'s procedural requirements.

Finally, even if the *Lozada* requirements were met or excused, Petitioner has not shown "that he was prejudiced by his counsel's performance." *Rashid*, 533 F.3d at 131 (quotation marks and citation omitted). "To establish prejudice in this context, [a petitioner] must show that, but for counsel's unprofessional errors, there is a reasonable probability the IJ would have granted the relief [the petitioner] requested." *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023) (quotation marks and citation omitted). While Petitioner cites two errors – his former counsel's absence at a hearing and the alleged failure to state a ground for asylum – he does not articulate how, but for those errors, "there is a reasonable probability the IJ would have granted" relief. *Id*. Accordingly, the BIA did not abuse its discretion in denying his motion to reopen.

*     *     *

10

We have considered Petitioner's remaining arguments and find no merit.

For the foregoing reasons, the pending motion for *in forma pauperis* status in the

consolidated case is GRANTED, but the petitions for review are DENIED. Any

other pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court

11